UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOHAM BHATIA on behalf of himself and all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SILVERGATE BANK, et al.,<br><br>Defendants. | Case No.:  23CV1406-RBM(BLM)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL**<br><br>**[ECF No. 60]** |

Currently before the Court is Plaintiff's July 26, 2024 Motion to Compel [ECF No. 60 ("MTC")], Defendants' August 2, 2024 opposition to the motion [ECF No. 61 ("Oppo.")], and Plaintiffs' August 9, 2024 reply [ECF No. 62 ("Reply")]. For the reasons set forth below, Plaintiffs' motion is **DENIED** as follows.

## DISCOVERY BACKGROUND

The above-entitled matter was initiated in the Northern District of California on February 14, 2023.  ECF No. 1.  The case was transferred to this Court from the Northern District of California on August 2, 2023.  ECF Nos. 1, 20.

On November 16, 2023, Plaintiffs served three sets of early Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34 discovery requests ("RFPs") on Defendants.  MTC at 6; see also ECF No. 60-1, Declaration of Tom Watts ("Watts Decl.") at Exhs. A-C.  On December 6, 2023, the parties

met and conferred regarding the preservation of evidence as opposed to the substance of the RFPs and responses. Id. On January 2, 2024, Plaintiffs sent Defendants a follow up letter and meet and confer efforts on the preservation of evidence, search terms, and custodians continued through March 2024. Id. at 6; see also Watts Decl. at Exhs. E-G.

On April 9, 2024, the parties held a Fed. R. Civ. P. 26(f) conference. Id. at 6.

On the morning of May 9, 2024, Plaintiffs sent Defendants a letter "regarding search terms, custodians and relevant time periods." Oppo. at 6; see also ECF No. 61-1, Declaration of Heather Plocky in Support of Defendants' Opposition to Plaintiffs' Motion to Compel ("Plocky Decl.") at ¶ 4. On the evening of May 9, 2024, Defendants served responses and objections to Plaintiffs' RFPs. MTC at 6; see also Watts Decl. at Exhs. H-K; Oppo. at 6; Plocky Decl. at ¶ 5.

On May 10, 2024, the parties filed a Joint Rule 26(f) Report. ECF No. 43. On May 22, 2024, the Court held an Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") and then issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings. ECF Nos. 50 and 51.

On May 28, 2024, Plaintiffs emailed Defendants seeking a response to their May 9, 2024 letter. Id. at 6; see also Watts Decl. at ¶ 13. Defendants responded to the letter on June 11, 2024. Id. at 6; see also Watts Decl. at Exh. L. Plaintiffs requested a meet and confer regarding Defendants' discovery responses on June 17, 2024 and it was scheduled for June 20, 2024 but later continued to July 11, 2024 after Defendants requested a new date. Id. at 6; see also Watts Decl. at ¶ 15. On July 11, 2024, the parties met and conferred via telephone and Defendants contended that Plaintiffs waived their right to file a motion to compel regarding the RFPs in light of the Court's thirty-day deadline which elapsed on June 10, 2024. Id. at 7.

On July 18, 2024, counsel for Plaintiffs, Thomas Lane Watts, and counsel for Defendants, Heather Lynn Plocky, contacted the Court regarding a discovery dispute. ECF No. 59. On July 19, 2024, the Court issued a briefing schedule. Id. The parties timely filed their motion, opposition, and reply. MTC, Oppo., and Reply.

**LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

## DISCUSSION

Plaintiffs seek an order requiring Defendants to amend their responses to Plaintiffs' First Set of Requests and clearly state whether they are withholding documents on the basis of their objections and "to produce 1) interbank communications regarding FTX or Alameda and 2) documents produced in the FTX bankruptcy proceeding." Id. at 5. Plaintiffs note that the motion

is timely and any delay in filing was "due to Plaintiffs' efforts to accommodate Defendants." Id. Plaintiffs request that the Court "overrule Defendants' timeliness objection and address the motion on its merits." Id. at 6.

Defendants contend that Plaintiffs' motion should be denied in its entirety as the motion is untimely, the discovery being sought is legally protected from disclosure, and the Plaintiffs should not be permitted to piggyback on discovery from other litigation. Oppo.

A.   Timeliness

Defendants contend that Plaintiffs' Motion to Compel should be denied because they waived their right to raise any disputes. Oppo. at 6. Defendants further contend that Plaintiffs did not ask to meet and confer regarding Defendants' responses until June 17, 2024, a week after their thirty-day deadline had passed. Id. at 7. Defendants note that Plaintiffs' May 9, 2024 letter was unrelated to Defendants' discovery responses that had not been served at that point in time. Id. Accordingly, "Plaintiffs' failure to even attempt to initiate meet and confer discussions regarding Defendants' responses within 30 days is fatal to their Motion." Id. In addition, Defendants contend that Plaintiffs have not demonstrated excusable neglect. Id.

Plaintiffs argue that the Court should consider their motion on the merits. MTC at 13. Plaintiffs argue that the motion was only filed after the thirty-day period because Defendants "waited until 31 days after they served their responses and objections to respond to Plaintiffs' May 9 letter [regarding Plaintiffs' RFPs]." Id. at 14; see also Watts Decl. at Exh. L. Plaintiffs note that the Court does not permit parties to bring a discovery dispute to the Court's attention before meeting and conferring[1] and that they did not raise Defendants' untimely response to the Court because the parties had been "negotiating in good faith for several months" and [t]here are no imminent case deadlines that would be affected by this discovery."[2] Id. at 14.

---

[1] While the Court does require parties to meet and confer prior to contacting the Court with discovery disputes, the Court's Chambers Rules do instruct parties that "[i]f a party or lawyer fails to respond to opposing counsel's request to meet and confer for more than 72 hours, counsel may contact chambers and request a telephonic conference with the clerk assigned to the case or an appropriate briefing schedule."

[2] The Court notes that Plaintiffs' deadline to file a motion to compel is a deadline that was

Plaintiffs further note that in light of Defendant Silvergate's limited staff and other legal issues, it "did not insist on immediate responses." Id. at 15. Plaintiffs argue that they requested a meet and confer less than a week after Defendants' June 11, 2024 response, but that Defendants were unavailable until July 11, 2024. Id.

Section VE of Judge Major's Chambers Rules states

> All discovery motions must be filed within 30 days of the event giving rise to the dispute and only after counsel have met and conferred and communicated with the Court as set forth above. The event giving rise to the dispute is NOT the date on which counsel reach an impasse in their meet and confer efforts. For written discovery, the event giving rise to the dispute is the service of the initial response or production of documents, or the passage of the due date without a response or document production. For oral discovery, the event giving rise to the dispute is the receipt of the transcript from the Court reporter of the affected portion of the deposition.

https://www.casd.uscourts.gov/Judges/major/docs/Chambers%20Rules%20Civil.pdf.[3]

Plaintiffs served the three sets of RFPs at issue in this motion on Defendants on November 16, 2023. MTC at 6; Watts Decl. at Exhs. A-C. Plaintiffs do not provide the legal authority for their early discovery and do not explain why they did not pursue timely responses.[4] Nonetheless,

---

affected by that discovery.

[3] See also ECF No. 51, Scheduling Order at 2 ("All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Barbara L. Major's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court**") (emphasis in original).

[4] It appears that there is some disagreement as to whether early discovery was taking place at that time. On January 2, 2024, Plaintiffs wrote a letter to Defendants "in connection with the parties' initial discussions concerning Plaintiffs' requests to Defendants for production . . . served November 16, 2023." Watts Decl. at Exh. D. The letter focused on the scope of document preservation, Defendants' network structure, data retention policies, witness and ESI document custodians, and ESI search terms. Id. Defendants responded to Plaintiffs' January 2, 2024 letter on January 27, 2024 and stated that they "have not agreed and will not agree that discovery is underway or proper at this time" and "[n]or are we engaging in any formal 'meet

on May 9, 2024, Defendants served their responses to the RFPs. Watts Decl. at Exh. H. In their Joint Rule 26(f) Report filed on May 10, 2024, the parties state that Plaintiffs served RFPs in November 2023 and that Defendants "vigorously oppose" some of the requests. ECF No. 43 at 4, 5-6. Based on these facts, the deadline for filing a motion to compel further responses to the RFPs was June 10, 2024.

Despite knowing that the RFPs had been pending for months and that there was a significant dispute regarding Defendants' responses, Plaintiffs did not make any effort to address the dispute until June 17, 2024 when they merely requested to meet and confer regarding the responses. MTC at 6; Watts Decl. at 15. Because Plaintiffs did not even begin the meet and confer process until after the filing deadline had passed and did not file the instant motion until July 26, 2024, the motion to compel is untimely.

Plaintiffs argue that they were waiting for a response to their May 9, 2024 letter before meeting and conferring. MTC at 13. This argument is not persuasive. First, Plaintiff's May 9, 2024 letter was sent before Defendants served their discovery responses and addressed "search terms, custodians and relevant time periods" not the substance of Defendants' RFP responses. Oppo. at 6; Plocky Decl. at ¶ 4; Watts Decl. at Exh. K. Second, Plaintiffs' conduct was not diligent or reasonable. Plaintiffs waited nineteen days to follow up on their May 9th letter and then merely sent an email to defense counsel requesting a response to the letter. MTC at 6; Watts Decl. at ¶ 13. Plaintiffs then waited another twenty days before they attempted to schedule a meet and confer conference. MTC at 6; Watts Decl. at ¶ 15. Based upon these facts and because Plaintiffs failed to even request a meet and confer until a week after the deadline for filing a motion to compel, Plaintiffs' motion to compel is untimely and Plaintiffs have not established due diligence or excusable neglect.

B.   <u>Amended Responses and Objections</u>

Plaintiffs argue that Defendants should "amend their responses and objections to state

---

and confer' efforts." Watts Decl. at Exh. E. Defendants reiterated that they merely "intend these discussions to be a preliminary step to allow document review to begin." <u>Id.</u> Defendants then addressed the issues raised in Plaintiffs' January 2, 2024 letter. <u>Id.</u>

whether documents are being withheld on the basis of objections." MTC at 8. Plaintiffs argue that Defendants' responses fail to comply with Fed. R. Civ. P. 34(b)(2)(C) and that any burden on Defendants with respect to amending their responses is likely to be low. Id. Plaintiffs note that the amended responses will "advance the parties' meet and confer efforts" and that "[w]ithout knowing whether responsive documents are being withheld and on what basis, the parties cannot intelligently negotiate regarding the[] RFPs." Id. at 9.

Defendants agree to provide amended discovery responses confirming whether documents are being withheld based on their objections despite the untimely nature of the motion. Oppo. at 5.

Defendants have agreed to amend their responses. Accordingly, Plaintiffs' motion to compel Defendants to amend their responses and objections to state whether documents are being withheld on the basis of objections is **DENIED AS MOOT**. Defendants must provide their amended responses by **September 6, 2024**.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to compel is **DENIED** as untimely. Because Plaintiffs' motion is untimely, the Court is not addressing all of the arguments raised in the parties' pleadings. However, because the issue is likely to arise in the future, the Court notes that Plaintiffs' RFP No. 24 seeking all documents produced by Defendants in an unlimited number of cases involving other parties and other issues and pending in other districts is overbroad. Racing Optics v. Aevoe Corp., 2016 WL 4059358, at *1 (D. Nev., July 28, 2016) ("Piggyback" discovery requests are prohibited. "Racing Optics 'must specifically ask for the documents he wants and be able to demonstrate that the information he seeks is relevant to his claims in this case.'") (citing Chen v. Ampco Sys. Parking, 2009 WL 2496729, at *3 (S.D. Cal. Aug. 14, 2009)). Even if "each and every document produced in the [previous litigation] is relevant to Plaintiff[s'] claims[,] [] Plaintiff[s] must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses." Rumble, Inc. v. Google LLC, 2023 WL 3751797, at *7

(N.D. Cal., May 31, 2023)[5] (quoting King Cnty. v. Merrill Lynch & Co., 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) and citing In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liabl. Litig., 2017 WL 4680242, at *1-2 (N.D. Ca. Oct 18, 2017)).

Additionally, in the event that any documents are withheld due to privilege, the parties are reminded that Fed. R. Civ. P. 26(b)(5) requires that a party asserting privilege clearly express that privilege and provide a privilege log that "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed [] in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

**IT IS SO ORDERED**.

Dated: 8/23/2024

Hon. Barbara L. Major
United States Magistrate Judge

---

[5] Noting that "[s]ome courts in this Circuit have frowned upon 'cloned discovery,' that is 'requesting all documents produced or received during other litigation or investigations[,]'" recognizing that "courts will allow discovery when the previous litigation or investigations and the present case 'have significant factual and legal overlap' and involve the same legal claims[,]" and reminding that "[t]his does not mean that the 'similarities are...enough to require a carte blanche production of all documents' from the prior investigations." (quoting King Cnty. v. Merrill Lynch & Co., 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011); Schneider v. Chipotle Mexican Grill, Inc., 2017 WL 1101799, at *4 (N.D. Cal. Mar. 24, 2017); and Chen, 2009 WL 2496729, at *2).