1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE: SILVERGATE CAPITAL
CORPORATION

Case No.:  3:23-cv-01406-RBM-BLM

**ORDER DIRECTING PARTIES TO
FILE SUPPLEMENTAL BRIEFING
ON MOTION FOR PRELIMINARY
APPROVAL**

**[Doc. 66]**

18  Pending before the Court is Plaintiffs' Motion for Preliminary Settlement Approval

19  ("Preliminary Approval Motion").  (Doc. 66.)  In their Preliminary Approval Motion

20  Plaintiffs request that this Court grant preliminary approval of the proposed settlement and

21  defer its approval of the notice and allocation plans, including the separate notice required

22  under the Class Action Fairness Act ("CAFA").  (*Id*. at 30–33.)  Having reviewed the

23  submissions, the Court finds that additional briefing is warranted.

24  Preliminary approval is appropriate when "the court will likely be able to" grant final

25  approval under Federal Rule of Civil Procedure ("Rule") 23(e).  Fed. R. Civ. P.

26  23(e)(1)(B).  When parties seek approval of a class settlement before class certification,

27  courts analyze "both the propriety of the certification and the fairness of the settlement."

28  *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).  Any fairness determination

1    requires the Court to "focus[ ] primarily upon whether the particular aspects . . . that directly

2    lend themselves to pursuit of self-interest by class counsel and certain members of the

3    class—namely attorney's fees and the distribution of any relief, particularly monetary

4    relief, among class members—strictly comport with substantive and procedural standards

5    designed to protect the interests of class members." *Id.* at 960.  At the preliminary approval

6    stage, "the settlement need only be potentially fair." *Acosta v. Trans Union, LLC*, 243

7    F.R.D. 377, 386 (C.D. Cal. May 31, 2007).

8           Notwithstanding Rule 23(e)'s requirements for preliminary approval, Plaintiffs do

9    not provide any information as to the proposed notice and allocation plans or adequate legal

10   authority to support its contention that this Court may preliminarily approve a class action

11   settlement without such proposed plans.[1]  Nor have Plaintiffs provided the Court with

12   sufficient information regarding the proposed class or their request for attorneys' fees.

13          Accordingly, the Court **ORDERS** the Parties to submit supplemental briefing and

14   additional authority on:

15   1.   The Parties' request for preliminary approval of the proposed settlement without a

16        proposed notice plan *and* without a proposed allocation plan.

17   2.   The Parties' request to postpone their notice obligations under CAFA.

18   3.   To the extent possible, any coordination efforts the Parties intend to pursue with

19        counsel for the related actions, any anticipated effect the pending settlements in such

20        related action may have on the instant proposed settlement, or any additional details

21        that may help the Court preliminarily assess whether it will be likely to approve the

22        proposed settlement and certify the class under Rule 23.

23

24

25

26   [1] Plaintiffs cite to several cases where district courts have deferred approval of the class
27   notice plan.  However, the Court notes that these cases do not reflect the circumstances of
     this action or its procedural posture.  Moreover, Plaintiffs fail to provide any legal authority
28   as to its request to defer approval of the allocation plan.

4.    Any estimates of the proposed class size, any differences among the proposed class members' claims or lack thereof, or any anticipated or proposed exclusions to the settlement class.  If such estimates are not possible, the Parties should explain any plans for these determinations.

5.    Plaintiffs' proposed request for attorneys' fees.[2]  While Plaintiffs assert that "the settlement agreement leaves the determination and allocation of attorney fees to the sole discretion of the trial court," they also state that their counsel will submit a fee application seeking a percentage of the fund and "[n]othing about the proposed fee award gives reason to doubt the fairness of the settlement."  (Doc. 66 at 29–30.) Plaintiffs are therefore directed to provide more information or argument regarding the reasonableness of their proposed fee award.  *See* Fed. R. Civ. P. 23(e)(2)(D) (requiring courts to consider "any proposed award of attorney's fees, including timing of payment").

For the reasons stated above, the Court **ORDERS** the Parties to file a supplemental brief, jointly or separately, consistent with this Order **on or before May 29, 2025**.

**IT IS SO ORDERED.**

DATE:  May 12, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] In the proposed settlement agreement, the Parties agree that Defendants will not object to Plaintiffs' counsel's fees request if it is under $3.3 million "exclusive of litigation costs and expenses, and service awards."  (Doc. 61-6 at 14.)  Still, Plaintiffs have not explained whether they expect to request an amount lower that this asserted maximum or whether such an amount is reasonable under the applicable standards of law.

3