**BLOOD HURST & O'REARDON, LLP**
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
JAMES M. DAVIS (301636)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
tblood@bholaw.com
toreardon@bholaw.com
jdavis@bholaw.com

**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
MELANIE R. MONROE (SBN 275423)
TREVOR M. FLYNN (SBN 253362)
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Tel: 619/215-1741
jfitzgerald@fmfpc.com
mmonroe@fmfpc.com
tflynn@fmfpc.com

**GIRARD SHARP LLP**
DANIEL C. GIRARD
SAMHITA COLLUR
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dgirard@girardsharp.com
scollur@girardsharp.com

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
JASON KELLOGG *(pro hac vice)*
MARCELO DIAZ-CORTES *(pro hac vice)*
100 Southeast Second Street, 36th Floor
Miami, FL 33134
Tel: 305/803-8788
jk@lkslg.com
md@lklsg.com

***Class Counsel***

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE:<br>SILVERGATE CAPITAL CORPORATION | Case No: 23-cv-01406-RBM-BLM<br>**UNOPPOSED NOTICE OF MOTION AND MOTION FOR ORDER APPROVING DISTRIBUTION OF NET SETTLEMENT FUND**<br>NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT |

# NOTICE OF MOTION

TO: All Counsel of Record

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT, on September 14, 2026, at 10:00 a.m. in Courtroom 5B, or as soon thereafter as they may be heard, Plaintiffs Nicole Keane, Joewy Gonzalez, and Golam Sakline (collectively, "Plaintiffs") will move the Court, the Honorable Ruth Bermudez Montenegro presiding, for entry of the accompanying [Proposed] Order Approving Distribution of Net Settlement Fund ("Distribution Order"). In further support of this motion, Plaintiffs submit (i) the Third Supplemental Declaration of Anne-Marie Marra of Simpluris, Inc. Concerning Claim Filing and Processing ("Marra Declaration"), signed by a representative of the Court-approved Settlement Administrator (the "Administrator")[1]; (ii) the Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Order Approving Distribution of Net Settlement Fund; and (iii) all other papers and proceedings herein.

Among other things, the Distribution Order would: (i) approve the administrative determinations of the Administrator accepting and rejecting claims and approve the Administrator's exercise of its discretion pursuant to the Plan of Allocation to accept claims submitted through June 16, 2026; (ii) direct the distribution of the Net Settlement Fund to holders of Approved Claims; (iii) direct that distribution checks and payments state that the check or payment must be cashed or claimed within ninety (90) days after the issue date; (iv) direct that electronic payments include a notation advising claimants to claim their payment within the time allotted; (v) direct that holders of Approved Claims forfeit all recovery from the Settlement if they fail to cash their distribution checks or claim their payments within the allotted 90—day period; (vi) approve the recommended plan for any funds remaining after the distribution; and (vii) authorize the destruction of Claim Forms and supporting documents

[1] Unless otherwise specified, capitalized terms have the same meaning as in the Settlement Agreement and Plan of Allocation (Doc. 74-1, Ex.5). For ease of reference, the Plan of Allocation is attached as Exhibit 1.

at an appropriate time, as determined by the Administrator.

Pursuant to the terms of the Settlement Agreement, Defendants have no interest in the relief sought by this motion. Further, Defendants' Counsel have reviewed the motion and informed us that Defendants do not oppose it. Accordingly, Class Counsel respectfully submit that the motion is ripe for decision and may be decided without oral argument.

## **MEMORANDUM**

## I. **BACKGROUND**

On February 10, 2026, the Court entered an Order Granting Plaintiffs' Motion for Final Approval of Settlement and Granting Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (Doc. 92) ("Final Approval Order"), approving the $10 million cash Settlement of this Action and the Plan of Allocation of the Net Settlement Fund. The Court's Final Approval Order approved the Plan of Allocation and directed the Parties to implement the Settlement in accordance with its terms. *Id.*

Consistent with the Court's Order Granting Plaintiffs' Renewed Motion for Preliminary Settlement Approval (Doc. 85) ("Preliminary Approval Order"), in advance of the hearing on Plaintiffs' Motion for Final Approval of Settlement, the Administrator implemented the Notice Plan, including mailing postcard notice to potential Class Members and giving notice online via a digital media plan. *See* Doc. 87-2 ("Declaration of Julie Meichsner in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement"). The notice informed Class Members that if they wished to participate in the distribution of the Net Settlement Fund, they needed to submit a properly executed Claim Form postmarked no later than January 30, 2026 (the "Claim Deadline"). *Id.* at Exs. B, D.

The Administrator has reviewed all claims received, including those submitted after the Claim Deadline, and processed the claims in accordance with the Plan of Allocation. Marra Decl. ¶ 3. Of the timely claims, 217 claims were initially deficient or ineligible for one reason or another, including being incomplete, unsigned, inadequately documented, or otherwise deficient, requiring substantial follow-up work by the Administrator. *Id.* The

Administrator sent deficiency notices, responded to inquiries, notified claimants of updates in their claim status, including tentative claim determinations, and decided appeals. See *id.* ¶¶ 3, 6-7.

The Administrator has concluded the process of claim adjudication and prepared a final claimant list and Claim Amounts, which is attached to the Marra Declaration and the proposed Distribution Order as Exhibit A (the "Distribution List"). The Settlement is no longer subject to appeal—the Final Approval Order includes a Final Judgment and separate document pursuant to Federal Rules of Civil Procedure 54 and 58(a). There were no objections to the Settlement and no appeals from the Court's Final Approval Order. Pursuant to paragraph 1.7 of the Settlement Agreement, the Settlement's "Effective Date" has occurred, and accordingly the Net Settlement Fund may now be distributed to holders of Approved Claims. Doc. 74-3 (Settlement Agreement) ¶ 3.4. Plaintiffs accordingly seek an order approving the proposed distribution of the Net Settlement Fund, as set forth below and in the proposed order submitted herewith.

## II. <u>CLAIMS ADMINISTRATION</u>

As of the date of the Marra Declaration, the Administrator has received and processed 492 claims. Marra Decl. ¶ 3. Of the 492 claims, 374 were timely. *Id.* Of the timely claims, 43 were duplicates. *Id.* Duplicates were consolidated and treated as a single claim. *Id.* Class members who submitted incomplete or otherwise deficient claims were notified and given the opportunity to cure. *Id*. After the cure deadlines expired, 201 timely claims were still deficient, leaving 130 timely and payable claims. *Id.*

Of those 130 timely and payable claims, 50 were submitted by a law firm on behalf of a claim buyer. *Id.* ¶ 4. After reviewing the documentation supporting the claims, the Administrator concluded that these claims meet the criteria for eligibility under the Plan of Allocation. *Id.* The Administrator requested that Class Counsel review its conclusion, and Class Counsel agree with the Administrator that these claims satisfy the eligibility criteria under the Plan of Allocation. They are accordingly included in the Distribution List.

As provided in the Plan of Allocation, Final Determination Notices were sent to the 374 timely claimants informing them of the status of their claim, of their Claim Amount if their claim was payable, or the reasons why their claim was rejected if deficient or duplicative, and their right to appeal the Administrator's determinations within 30 days. *Id.* ¶ 6. The Administrator received 18 timely appeals. *Id.*; Ex. 1 ¶ 17.

Of those 18 appeals, five were successful. *Id.* ¶ 7. The claimants provided documentation satisfactory to the Administrator, curing the deficiencies that initially prompted the Administrator to reject the claim. *Id.* The Administrator has notified each of these claimants that their appeal was successful. *Id.* The remaining 13 claimants failed to provide the documentation required to support their claim or provided information confirming that they did not meet the Settlement's eligibility requirements. *Id.* All appellants were notified of the disposition of their appeal, whether favorable or not. Those dispositions are now final under paragraph 17 of the Plan of Allocation.

**A. Late Claims and Final Cut-Off Date**

Of the 492 claims received by the Administrator, 118 were received after the deadline set by the Court's Preliminary Approval Order. *Id.* ¶ 5. Of the 118 late claims, 38 would have been valid had they been timely, 42 were deficient but subsequently cured in response to a deficiency notice, and 38 remain incomplete, or failed to cure. *Id.* The 38 claimants who failed to cure in response to the Administrator's deficiency notice have been notified that their claims were rejected. *Id.*

The Plan of Allocation gives the Administrator the discretion (but not the obligation) to accept late claims. Ex. 1 ¶ 15. The Administrator intends to exercise its discretion under the Plan of Allocation to accept late claims. Marra Decl. ¶ 8. Reasons supporting acceptance of the late claims include that many late claimants reside outside the United States and complained of delays in receiving mail from the U.S. Other claimants raised various individual hardship claims. *Id.* Class Counsel agrees with the Administrator that accepting late but otherwise valid claims is consistent with the objectives of the litigation and falls

within the discretion granted to the Administrator under the Plan of Allocation. Any alternative would require choosing between rejecting all late claims, notwithstanding extenuating circumstances, or undertaking 118 separate line-drawing exercises, protracting settlement administration and inviting potentially arbitrary and inconsistent determinations. *See In re Stable Rd. Acquisition Corp. Sec. Litig.*, 2025 WL 924928, at *3 (C.D. Cal. Mar. 24, 2025) (approving lead counsel's recommendation to accept late but otherwise valid claims where the "equities are balanced" and it would be "unfair" to reject such claims). Class Counsel notes that the late claims meet all other eligibility criteria other than timely submission. Furthermore, the Plan of Allocation authorizing the Administrator to accept late claims was filed with Plaintiffs' preliminary approval papers and referenced in subsequent filings (*See* Doc. 74-7 (Plan of Allocation); Doc. 89 at 1 (Plaintiffs' reply brief in support of final approval)). There were no objections to the provision giving the Administrator discretion to accept late claims during the settlement approval process. *See Devlin v. Scardelletti*, 536 U.S. 1, 2 (2002) (failure to object during the settlement approval process bars later objections on appeal).

In the interests of administrative finality, however, Class Counsel respectfully request that the Court order that any ***new*** late claims (and any requested adjustments to previously filed claims that would result in an increased Claim Amount) received after June 16, 2026, are barred. *See e.g., Stable Rd. Acquisition Corp. Sec. Litig.*, 2025 WL 924928 at *3 (setting deadline to accept new late claims in an order granting plaintiff's motion for class distribution order).

## III. <u>DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND</u>

### A. Initial Distribution of the Net Settlement Fund

The Settlement Agreement defines Net Settlement Fund as the Gross Settlement Amount ($10,000,000.00), less the costs of implementing the Notice Plan and Settlement administration, and court-approved disbursements for attorneys' fees and costs and service awards. Doc. 74-3 ¶ 1.11 As of the date of the Marra Declaration, the amount of the Net

Settlement Fund is approximately $ 6,265,000.70. Marra Decl. ¶ 9. Following the entry of the Distribution Order, the Administrator will solicit the 215 claimants with Approved Claims, requesting that each claimant select or confirm their preferred payment method. Claimants who do not respond or who did not previously select a payment method will be mailed a physical check made out in U.S. Dollars.

The Administrator will then distribute the Net Settlement Fund to the holders of Approved Claims, as set forth in the Distribution List. *Id.* ¶ 10. The Net Settlement Fund will be distributed *pro rata* in accordance with the terms of the Settlement Agreement, which provide that the Administrator will multiply the total value of the Net Settlement Fund by a fraction, for which (a) the numerator is the Claim Amount for that Eligible Claimant, and (b) the denominator is the sum of all Claim Amounts for all Eligible Claimants. Ex. 1 ¶ 9. The Distribution List identifies by claim number each holder of an Approved Claim, the Claim Amount, and their respective pro rata share of the Net Settlement Fund, as determined by the Administrator. Marra Decl., Ex. A.

There were eleven claimants who would have received a payment of less than $5.00 under the Plan of Allocation. Marra Decl. ¶ 9. The Administrator has increased those claimants' Approved Claim amount to the minimum payment amount of $5.00 and reduced the shares payable to the remaining holders of Approved Claims proportionately. *Id; see also* Ex. 1 ¶ 16.

In the interests of administrative efficiency and finality, the Administrator proposes that checks be valid for ninety days, and that payments not redeemed within ninety days be cancelled and eligible for redistribution. Marra Decl. ¶ 11. To encourage claimants to cash their checks, the Administrator will include a statement stating: "CASH PROMPTLY. VOID IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." *Id.* Electronic payments that are not claimed within the time set by the payment provider will be returned to the Administrator and reissued to the claimant as a U.S. Dollar denominated check. *Id.* Claimants who do not cash their checks or claim their payments within the time allotted will forfeit all

recovery from the Settlement, and the funds allocated to stale-dated checks or unclaimed payments will be available for redistribution, as described below, or distributed to a court-approved charitable recipient if a subsequent distribution is not administratively feasible. *Id.*

**B. Residual Distribution of the Net Settlement Fund**

Pursuant to the Plan of Allocation, 105 days after issuance of the initial payments to holders of Approved Claims, the Administrator will, after deducting distribution expenses associated with implementing any redistribution, distribute any unclaimed balance on a *pro rata* basis among those Eligible Claimants who have collected their payments. The provision in paragraph 16 of the Plan of Allocation ensuring a minimum payment of $5.00 will not apply to any redistribution. *Id.* Instead, redistribution payments will only be made to those who would receive at least $5.00 in the redistribution, and those who would receive less will be excluded. Ex. 1 ¶ 20.

The Plan of Allocation provides that if Class Counsel determines that a redistribution would be impracticable, Class Counsel will approach the Court with a proposal for distribution of the residual fund. Ex. 1 ¶ 21. In the interests of judicial and administrative efficiency, Class Counsel propose at this time that should a second distribution be impracticable in the judgment of Class Counsel, or if residual funds remain following a redistribution, Class Counsel be authorized to direct the payment of any such residual to the National Consumer Law Center ("NCLC").

NCLC is a private, non-sectarian, non-profit organization exempt from taxation under Section 501(c)(3) of the Internal Revenue Code. *Financials*, National Consumer Law Center, https://nclc.org/about-us/financials/ (last visited July 22, 2026). For over 50 years, NCLC has worked to build and strengthen a legal network to provide legal services addressed to two main goals: improving access to the legal system for all people and enabling advocates to seek remedies for low-income people where needed. See *History*, National Consumer Law Center, https://nclc.org/about-us/history/ (last visited July 22, 2026). NCLC's lawyers provide policy analysis, advocacy, litigation, expert-witness services, and training for

consumer advocates throughout the United States. See *Mission*, National Consumer Law Center, https://nclc.org/about-us/mission/ (last visited July 22, 2026). "NCLC uses its unmatched expertise in consumer law to protect consumers from exploitation and expand access to fair credit by advocating for laws, rules, and regulations that benefit real people: those with low incomes, older people, students, people of color, and others who have been abused, deceived, discriminated against, or left behind in our economy." *About Us*, National Consumer Law Center, nclc.org/about-us/ (last visited July 22, 2026). NCLC has received "the highest ratings from charity watchdogs" and "welcomes *cy pres* designations of unclaimed settlement funds from class action lawsuits, which are used to support our consumer rights work advancing the core interests of underlying class members." *History*, National Consumer Law Center, https://nclc.org/about-us/history/ (last visited July 22, 2026), & *Cy Pres*, National Consumer Law Center, https://nclc.org/get-involved/ways-to-give/cy-pres/ (last visited July 22, 2026). Numerous federal courts in the Ninth Circuit have approved NCLC as a *cy pres* recipient of residual balances of net settlement funds in other settlements. *See*, *e.g.*, *Reyes v. Experian Info. Sols.*, Inc., 2025 WL 1571756 (C.D. Cal. May 30, 2025) ("courts in this Circuit have consistently recognized the NCLC as an appropriate cy pres recipient in . . . consumer class action cases"); *Karcauskas v. Regreso Fin. Servs. LLC*, 2019 WL 13031925 (C.D. Cal. Nov. 12, 2019); *McKnight v. Uber Techs., Inc.*, 2017 WL 3427985, at *6 (N.D. Cal. Aug. 7, 2017); *Johnson v. Gen. Mills, Inc.*, 2013 WL 3213832, at *3 (C.D. Cal. June 17, 2013).

## IV. RECORD RETENTION

Finally, to limit administrative cost and protect privacy interests, at the conclusion of the Settlement Administration after all remaining funds have been distributed, the Administrator anticipates deleting internal records and disposing of correspondence and other records associated with this matter. Plaintiffs request that the Court approve the exercise of the Administrator's discretion to delete all internal records and claimant correspondence upon completion of its duties in this matter.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their unopposed motion and enter the [Proposed] Order Approving Distribution of Net Settlement Fund.

Dated: July 31, 2026

Respectfully Submitted,

/s/ *Daniel C. Girard*

DANIEL C. GIRARD
*dgirard@girardsharp.com*
SAMHITA COLLUR
*scollur@girardsharp.com*
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800

TIMOTHY G. BLOOD
*tblood@bholaw.com*
THOMAS J. O'REARDON
*toreardon@bholaw.com*
JAMES M. DAVIS
*jdavis@bholaw.com*
**BLOOD HURST & O'REARDON, LLP**
501 West Broadway, Suite 1490
San Diego, CA 92101
Phone: (619) 338-1100

JACK FITZGERALD
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE
*mmonroe@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
**FITZGERALD MONROE FLYNN PC**
2341 Jefferson Street, Suite 200
San Diego, California 92110

Phone: (619) 215-1471

JASON KELLOGG
*jk@lklsg.com*
VICTORIA J. WILSON
*vjw@lklsg.com*
MARCELO DIAZ-CORTES
*md@lklsg.com*
**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
100 Southeast Second Ave., 36th Floor
Miami, Florida 33131
Telephone: (305) 403-8788

***Class Counsel***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

Dated: July 31, 2026

**GIRARD SHARP LLP**

By: /s/ Daniel *C. Girard*
Daniel C. Girard