**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE:<br>SILVERGATE CAPITAL CORPORATION | Case No: 23-cv-01406-RBM-BLM<br><br>**THIRD SUPPLEMENTAL DECLARATION OF ANNE-MARIE MARRA OF SIMPLURIS, INC. CONCERNING CLAIM FILING AND PROCESSING** |

I, Anne-Marie Marra, declare and state as follows:

1. I am a Program Manager at Simpluris, Inc ("Simpluris" or "Administrator"). Simpluris is a national full-service class action notice and claims administrator located at 3194-C Airport Loop Dr., Costa Mesa, California 92626. I am over twenty-one years of age and authorized to make this declaration on behalf of the Administrator and myself. I am personally familiar with the details outlined here and believe them to be accurate and true. The following statements are based on my personal knowledge as well as information provided by other experienced Simpluris employees.

2. Simpluris was appointed by the Court in the Order Granting Plaintiffs' Renewed Motion for Preliminary Settlement Approval ("Preliminary Approval Order") entered on October 21, 2025, to provide settlement administration services in this proposed class action settlement ("Settlement").

3. The Administrator has reviewed all claims received, including those submitted after the January 30, 2026, Claim Deadline, and processed the claims in accordance with the Plan of Allocation. As of the date of this Declaration, the Administrator has received and processed 492 claims. Of those, 374 claims were timely. Of the 374 timely claims, 43 claims were identified as duplicative of another claims submission relying on the same underlying FTX Account as the basis of their claim. Duplicate claims were treated as a single claim. Of the timely claims, 217 claims were initially deficient for one reason or another, including being incomplete, unsigned, inadequately documented, or otherwise deficient, and these claims required substantial follow-up work. Individuals who submitted claim forms that were incomplete were notified of the deficiencies and how to cure their submission and the deadline to respond. After the cure deadlines expired, 201 timely claims were still incomplete and had not been cured, resulting in 130 timely and payable claims.

4. Of those 130 timely and payable claims, 50 were submitted by a law firm on behalf of their client who had purchased from the original FTX Account holder the rights to file claims and receive payment from the FTX Bankruptcy proceeding, the FTX Recovery

Trust, and any class action settlements linked to the original FTX Account. The Administrator has carefully reviewed the documentation supporting these claims and concluded they comply with the eligibility requirements of the Plan of Allocation and accordingly they are timely and payable. The Administrator also requested that Class Counsel review its conclusion about the eligibility of these claims, and Class Counsel agreed that the claims satisfied the eligibility criteria under the Plan of Allocation.

5. As of the date of this Declaration, the Administrator has received 118 late claims that were submitted after the January 30, 2026, deadline set by the Court's Preliminary Approval Order. Of those 118 late claims, 38 would have been valid had they been timely, 42 were deficient but subsequently cured after receipt of a deficiency notice, and 38 were incomplete or failed to cure the defects with their claim. The 38 claimants who failed to cure their claims were notified that their claims were denied via a final denial notice.

6. In accordance with paragraph 17 of the Plan of Allocation, Final Determination Notices were sent to all 374 timely claimants that informed the claimant of the status of their claim, of their Claim Amount if their claim was payable, of the issues with their claim if their claim was deficient or duplicative, and their right to appeal the Administrator's determinations within 30 days. The Administrator received 18 appeals before the 30-days elapsed.

7. Of those 18 appeals, five (5) claimants provided documentation that would have cured the issues with their claim if the documentation had been provided with the original claim or before the cure deadline passed. The Administrator has notified each of these claimants that their appeal was successful. The remaining 13 claimants failed to provide the documentation required to support their claim or provided information confirming that they did not meet the requirements to file a claim. The Administrator notified the claimants that these appeals were denied, and that the denial is final.

8. In accordance with paragraph 15 of the Plan of Allocation, the Settlement Administrator has the discretion (but not the obligation) to accept late claims. The Administrator intends to exercise its discretion to accept late claims. Reasons supporting

acceptance of the late claims include that many late claimants reside outside the United States and complained of delays in receiving mail from the U.S. Other claimants raised various individual hardship claims. Class Counsel agrees with the Administrator that accepting late but otherwise valid claims is consistent with the objectives of the litigation and falls within the discretion granted the Administrator under the Plan of Allocation.

9. As of the date of this Declaration, 215 Claim Forms are complete and payable as determined by the Administrator. The Administrator has calculated the initial projected payments for these approved claims. The Administrator's list of approved claims and claim amounts is attached as **Exhibit A**. The total Claim Amount is $182,303,037.90. These claims will paid from the Net Settlement Amount of $6,265,000.70, calculated as set forth below:

| | |
|---|---|
| **Gross Settlement Amount** | **$10,000,000.00** |
| Less Attorney Fee Award | -$3,300,000.00 |
| Less Cost Award | -$102,280.30 |
| Less Class Representative Service Awards | -$30,000.00 |
| Less Administration Costs | -$302,719.00 |
| **Net Settlement Amount** | **$6,265,000.70** |

As of the date of this Declaration, the average estimated payment is $29,139.54 and the highest estimated payment is $859,141.66. Eleven (11) Approved Claims will receive a $5.00 minimum payment, as their pro rata payment was initially lower than that threshold, and the shares payable to the remaining holders of Approved Claims will be reduced proportionately.

10. The Administrator will distribute the Net Settlement Fund to holders of Approved Claims, as set forth in Exhibit A. Following the entry of the Distribution Order, the Administrator will conduct a payment confirmation campaign to the 215 claimants with Approved Claims, where the claimant will have at least two weeks to select or confirm their preferred payment method. Claimants who do not respond or who did not previously select a payment method will be mailed a physical check made out in U.S. Dollars.

11. In the interests of administrative efficiency and finality, the Administrator proposes that check payments to claimants be valid for ninety days, and that payments not

redeemed within ninety days be cancelled and eligible for redistribution. To encourage claimants to cash their checks, the administrator will include a statement stating: "CASH PROMPTLY. VOID IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Electronic payments that are not claimed within the time period set by that payment provider will be returned to the Administrator and reissued to the claimant as a check made out in U.S. Dollars that includes the same statement. Claimants who do not cash their checks or claim their payments within the time allotted will forfeit all recovery from the Settlement, and the funds allocated to stale-dated checks or unclaimed payments will be available to be redistributed to other claimants in a subsequent distribution, or distributed to a court-approved charitable recipient if a subsequent distribution is not administratively feasible.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of July 2026.

Anne-Marie Marra

Anne-Marie Marra