**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE: SILVERGATE CAPITAL CORPORATION

Case No.: 3:23-cv-01406-RBM-BLM

**ORDER GRANTING MOTION FOR ORDER APPROVING DISTRIBUTION OF NET SETTLEMENT FUND**

**[Doc. 93]**

Pending before the Court is Plaintiffs Nicole Keane, Joewy Gonzalez, and Golam Sakline's ("Plaintiffs") Motion for Order Approving Distribution of Net Settlement Fund ("Motion"). (Doc. 93.) Defendants do not oppose this Motion. (*See id.* at 2.)

On September 4, 2024, following mediation with the Honorable Layn R. Phillips (Ret.), Plaintiffs entered into a Settlement with Defendants to resolve Plaintiffs' claims, the terms and conditions of which are set forth in the Settlement Agreement (Doc. 74-3).[1]. On October 29, 2025, the Court granted Plaintiffs' Renewed Motion for Preliminary Settlement Approval ("Preliminary Approval Order"). (Doc. 85.)

[1] The capitalized terms used in this Order have the same meaning as defined in the Settlement Agreement except as otherwise noted.

On February 10, 2026, this Court issued an Order Granting Plaintiffs' Motion for Final Approval of Settlement and Granting Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards ("Final Approval Order"). (Doc. 92.) In the Final Approval Order, the Court reaffirmed its prior conclusions in the Preliminary Approval Order and approved the Settlement Agreement and Plan of Allocation, approved the Settlement Amount of $10,000,000 as a non-reversionary settlement payment ("Net Settlement Fund"), and directed the Parties to implement the Settlement Agreement in accordance with its terms. (Doc. 92 at 4–6, 12; *see also* Doc. 85 at 5–6.)

Having reviewed the instant Motion and the materials submitted in support, including the Third Supplemental Declaration of Anne-Marie Marra of Simpluris, Inc. Concerning Claim Filing and Processing ("Marra Declaration") and all exhibits attached therein, the Court **ORDERS** as follows:

1. This Order incorporates by reference: (a) the Court's Preliminary Approval Order (Doc. 85); (b) the Settlement Agreement (Doc. 74-3), as well the definition of words and terms contained therein; and (c) the Plan of Allocation (Doc. 74-7; Doc. 93-1, Ex. 1 at 2–7).
2. The Court **APPROVES** the administrative determinations of Simpluris, Inc. (the "Settlement Administrator") accepting and rejecting claims submitted in connection with the Settlement reached in this action and **APPROVES** the Settlement Administrator's exercise of its discretion, pursuant to the Plan of Allocation, to accept claims submitted through June 16, 2026 and bar claims received after June 16, 2026.
3. The Court **DIRECTS** the distribution of the Net Settlement Fund to Approved Claimants as set forth in the Pro Rata Payment List (Doc. 93-1, Ex. A).
4. Payments, whether by check or electronic means, may be valid for the time specified on the check or the time limit specified by the payment provider.
5. Payees who fail to cash their distribution checks or claim their payments within the allotted time shall forfeit any recovery from the Settlement, without regard

to whether any individual payee has actual notice of the relevant time limit.

6. For any funds remaining after the initial distribution is implemented, the Court **APPROVES** Class Counsel's proposal for redistribution of uncashed checks and payments.

7. If Class Counsel determines, in consultation with the Settlement Administrator, that redistribution is impracticable, the Court **APPROVES** the donation of any residual to the National Consumer Law Center ("NCLC").

8. The Court **AUTHORIZES** the destruction of paper copies of the Claim Forms and supporting documents and electronic copies of the Claim Forms and supporting documents at an appropriate time as determined by the Settlement Administrator, but no earlier than one year and three years, respectively, after final distribution.

**IT IS SO ORDERED**.

DATE: September 4, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE